**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 1:14-CR-62 |
| | § | |
| | § | |
| RANDOLPH MICHAEL NACOL | § | |

**REPORT AND RECOMMENDATION
ON THE RESTORATION OF DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now enters its recommendation that the District Court find the defendant, Randolph Michael Nacol, competent to proceed.

A. <u>Background</u>

On March 20, 2014, Randolph Michael Nacol was charged in a criminal complaint. Specifically, the complaint charged Nacol with falsely assuming or pretending to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, in violation of 18 U.S.C. § 912 (Doc. No. 1). The complaint is supported by documentation and a probable cause affidavit signed by FBI Special Agent Tony P. Cattelan. In sum, the complaint and accompanying affidavit allege that Nacol posed as federal agent with the CIA and FBI and made threats to attorneys at a local law firm (Doc. No. 1 and attachments).

On May 27, 2014, Nacol was arrested. He appeared before the undersigned United States Magistrate Judge for his initial appearance on May 28, 2014. The Court appointed John McElroy with the Federal Public Defender's Office to represent Mr. Nacol. On the same date of Nacol's initial appearance before the Court, counsel filed a motion for mental examination requesting that

the defendant undergo a psychological examination pursuant to 18 U.S.C. § 4241 to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in this defense. The Court granted that motion and ordered that Nacol be committed to a Federal Medical Center (FMC) or other suitable facility to determine his competency to stand trial (Doc. No. 6).

On June 5, 2014, a federal grand jury returned an indictment against Mr. Nacol. The one-count Indictment charges that from in or about March 2014 and continuing through on or about May 25, 2014, in the Eastern District of Texas, Randolph Michael Nacol, defendant, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is a Special Agent of the Central Intelligence Agency, and in such assumed and pretended character with intent to defraud did falsely demand a thing of value, in that he demanded on behalf of the United States the sum of $39 million dollars, in violation of 18 U.S.C. § 912 (Doc. No. 11).

On July 11, 2014, the Court received the initial mental health evaluation from Jessica Micono, Psy.D., Forensic Psychologist at the FCI Englewood facility, dated July 11, 2014. Dr. Micono concluded that there is evidence to indicate that Nacol suffers from a mental disorder that would substantially impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense. On August 5, 2014 this Court conducted a competency hearing to address the findings contained within the report. On the same date, the undersigned issued an order extending the defendant's commitment for hospitalization in a Federal Medical Center or other suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial

probability that in the foreseeable future he will attain the capacity to permit the trial to proceed in accordance with 18 U.S.C. § 4241(d). (Doc. No. 15).

On March 15, 2015, the Court received a report addressing competency restoration for Mr. Nacol from the warden at the FMC in Butner, North Carolina (Doc. No. 17). Dr. Jill Grant, Forensic Psychologist, and Dr. Alton Williams, M.D., J.D., Forensic Psychiatrist, prepared the report. At that time, Drs. Grant and Williams concluded that Nacol remained not competent to stand trial but noted the substantial likelihood that his competence could be restored with medication treatment. Because Nacol did not consent to such treatment at that time, the doctors requested court authorization of involuntary medication pursuant to *Sell v. United States*, 539 U.S. 166 (2003).

On April 29, 2015, the undersigned conducted a hearing to address the restoration of Mr. Nacol's competency and the issue of involuntary medication under *Sell*. On May 8, 2015, this Court then issued a report recommending that the District Court authorize involuntary medication for purposes of restoring competency (Doc. No. 23). Before the District Court considered that recommendation, Nacol's counsel advised the undersigned that the defendant would be willing to take certain medications on a voluntary basis for purposes of competency restoration. The undersigned then convened a status conference on June 30, 2015, at which time Mr. Nacol confirmed that he would voluntarily take certain medications to restore his competency. The undersigned then issued an order staying the Court's previous report recommending involuntary medication under *Sell* and directing that Mr. Nacol remain at FMC Butner to undergo competency restoration treatment by voluntarily taking the drug Abilify (Doc. No. 41).

The warden at the FMC filed a status report on August 26, 2015 (Doc. No. 43). On October 27, 2015, the warden then submitted his notification to the Court indicating that Mr. Nacol's

competency had been restored (Doc. No. 45). The warden also provided a sealed copy of the forensic evaluation prepared by Dr. Maureen L. Reardon, Ph.D., ABPP, in which Dr. Reardon concludes that Nacol is competent to proceed. That report sets forth Dr. Reardon's detailed psychological findings and method of evaluation regarding Mr. Nacol's current mental status. In conjunction with the report, the Court also received the Certificate of Restoration of Competency to Stand Trial from the warden at FMC Butner in accordance with 18 U.S.C. § 4241(e)[1]. Both Dr. Reardon's report and the Certificate of Restoration of Competency have been provided to the Government and Mr. Nacol and filed under seal in this case.

On November 24, 2015, the Court conducted another competency hearing. At the hearing, all parties stated on the record that they had reviewed the report and the findings therein and that they had no objections to the ultimate conclusion that Mr. Nacol's competency to proceed in this case has been restored.

### B. Conclusion and Recommendation

Pursuant to 18 U.S.C. §§ 4241(d) and (e), the undersigned United States Magistrate Judge finds by a preponderance of the evidence that the defendant, Randolph Michael Nacol, has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Accordingly, based upon the opinion issued by the forensic psychological examiner and the agreement of the parties, at this time the Court recommends that defendant be found competent to proceed pursuant to 18 U.S.C. § 4241.

---

[1] "When the director of the facility in which a defendant is hospitalized pursuant to [18 U.S.C. § 4241(d)] determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate of that effect with the clerk of the court that ordered the commitment." 18 U.S.C. § 4241(e).

C. <u>Objections</u>

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

SIGNED this 24th day of November, 2015.

_____
Zack Hawthorn
United States Magistrate Judge